# United States Court of Appeals for the Fifth Circuit

---

No. 24-11088
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSEPH SUTTON,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-153-15

---

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Joseph Sutton appeals from the judgment revoking his term of supervised release and sentencing him to 12 months and one day of imprisonment. On appeal, Sutton contests the constitutionality of 18 U.S.C. § 3583(g), which mandates revocation of supervised release and imposition

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-11088

of a term of imprisonment for any offender who violates specified conditions of supervised release, including the possession of a controlled substance.

Relying on *United States v. Haymond*, 588 U.S. 634 (2019), Sutton maintains that § 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial and requiring proof beyond a reasonable doubt. He acknowledges, however, that his challenge is foreclosed by our decision in *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), and merely asserts the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance or, in the alternative, for an extension of time to file its brief.

In *Garner*, we rejected the argument that Sutton has asserted and held that § 3583(g) is not unconstitutional under *Haymond*. *See Garner*, 969 F.3d at 551-53. Because Sutton's sole argument on appeal is foreclosed, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Thus, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.